IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOHN AND TRISH ISABELLA | : | |
| | : | AMENDED CLASS ACTION COMPLAINT |
| Plaintiffs, | : | |
| v. | : | Case No. 10-CV-580 (DNH/GHL) |
| | : | |
| BSH HOME APPLIANCES | : | |
| CORPORATION, | : | JURY TRIAL DEMANDED |
| 5551 McFadden Avenue | : | |
| Huntington Beach, CA  92649 | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

### I.  INTRODUCTION

1. Plaintiffs bring this class action on behalf of themselves and all others similarly situated against Defendant, BSH (Bosch und Siemans Hausgeräte) Home Appliances Corporation ("Bosch" or "Defendant"), seeking damages and injunctive relief for the proposed Classes as defined herein.

2. This action is brought to remedy violations of applicable law in connection with Defendant's design, manufacture, sale and servicing of its Front-Loading Automatic Washers (the "Washing Machines" or "Machines").  The Machines have inherent design defects that cause them to (a) accumulate mold, mildew or similar residue within the Washing Machines; (b) produce foul and noxious odor that escapes from the Washing Machines; (c) produce mold, mildew and/or foul odor on clothes washed in the Machines; and (d) be unusable for the ordinary purpose which the Washing Machines were sold.

3. Plaintiffs assert claims on behalf of themselves and a United States and New York

class.

## II. PARTIES

4. Plaintiffs, John and Trish Isabella reside in Johnstown, New York, located in Fulton County.

5. Defendant, BSH (Bosch und Siemans Hausgeräte) Home Appliances Corporation is, upon information and belief, a Delaware Corporation, with is principal place of business being 5551 McFadden Avenue, Huntington Beach, California.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)(2) because the matter in controversy exceeds $5,000,000.00 exclusive of interest and costs and this is a class action which certain class members and defendant are citizens of different states.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because the plaintiff is a resident of this judicial district and defendant does business throughout this district.

## IV. FACTUAL BACKGROUND

8. On September 19, 2007, John and Trish Isabella purchased and were delivered a Washing Machine.   See Exhibit "A" for invoice.

9. Plaintiffs noticed mold like growth on the door drum gasket of the Washing Machine.

10. Plaintiffs have, on numerous attempts, tried to remediate the mold or mold like

growth including wiping the gasket with bleach as recommended by the manufacturer, however, these remedies were not successful.

11.     It is upon information and belief that the mold and mold like growth present in the subject Washing Machine gasket is caused by standing water present in the gasket trough below the drain holes.   This condition occurs after the wash cycle is concluded.

12.     It is upon information and belief that this condition is caused in all Washing Machines manufactured by defendant as a result of an identical design defect.

13.     Defendant holds itself out to the public as a manufacturer of safe, cutting edge and easy to use home appliances including Washing Machines.

14.     Defendant has manufactured, produced and distributed Washing Machines for several leading retailers in the New York and throughout the United States.

15.     Defendant provided plaintiffs and each owner of the subject Washing Machines.

16.     Plaintiffs purchased Washing Machines for its intended purpose, and in a manner consistent with its intended use.   At the time of the Plaintiffs' purchase, defendant failed to disclose that the Washing Machines were defective, as evidenced by the fact that Plaintiffs experienced and continue to experience mold, mildew and/or foul odors in their Washing Machines and on clothing and other items washed in their Washing Machines.

17.     In response to the various notices from the class members to defendant regarding the defects in their Washing Machines and the mold, mildew and/or foul odor problems, defendant proposed leaving the door open and frequent cleaning of the gasket material.

18.     These above suggestions have failed to remediate the problem.   As a result of the mold, mildew and/or foul odor problems, Plaintiffs have been forced to endure, *inter alia*, mold,

mildew and/or foul odors in their Machines and on their clothes and other items.

## V. CLASS ALLEGATIONS

### Class Definition

#### Class I

>   Plaintiffs John and Trish Isabella brings this action on behalf of all New York residents who purchased a Bosch Washer from 2006 through the present.

#### Class II

>   Plaintiff John and Trish Isabella bring this action on behalf of all United States residents who purchased a Bosch front load washer from 2006 through the present.

### Numerosity

19.     The proposed Classes are so numerous that joinder of all its members is impractical. It is estimated that there are thousands of members of the proposed classes who have purchased Washing Machines.

### Common Questions of Law and Fact

20.     Virtually all the issues of law and fact in this class action are common to the Classes and include at least the following:

>   a.  whether the defendant should be declared financially responsible for notifying all class members of the defective nature of the defendant Washing Machines;
>
>   b.  whether defendant's Washing Machines are defective;
>
>   c.  whether defendant's Washing Machines are designed without the ability

4

                      to prevent mold;

        d.        whether the defendant knew or became aware that defendant's Washing Machines were not properly designed yet continued to manufacture, distribute, advertise and market Bosch's Washing Machine without correcting the problems;

        e.        whether the defendant engaged in a pattern and practice of deceiving and defrauding the Classes and suppressing the defective nature of the defendant's Washing Machines;

        f.        whether the defendant failed to give adequate warnings regarding the defects of the defendant's Washing Machines;

        g.        whether the defendant and other representatives created expressed or implied warranties that were breached;

        h.        whether the defendant is strictly liable for damages to the plaintiffs and members of plaintiffs' Classes;

        i.        whether the defendant acted negligently;

        j.        whether the plaintiffs and members of plaintiffs Classes are entitled to compensatory damages;

        k.        whether plaintiffs and members of plaintiffs Classes are entitled to reasonable attorney's fees, costs interest, prejudgment interest, post judgment interest and cost of suit.

**Typicality**

21.        Defendant's defenses are typical of the plaintiffs' and class members' claims.

22.	Plaintiffs and all members of proposed Classes have sustained damages.

**Adequacy of Representation**

23.	Plaintiffs can and will fairly and adequately represent and protect the interest of the Classes and have no interests that conflict with or are antagonistic to the interest of the class members.

24.	Plaintiffs have retained attorneys competent and experienced in class actions, consumer products and mass injury class actions.

25.	No conflicts exist between Plaintiffs and Plaintiffs class members.

**Superiority**

26.	A class action is superior to any other available method for the fair and efficient adjudication of this controversy and common questions of law and fact overwhelmingly predominate over any individual questions that may arise.

    a.	The prosecution of separate actions by individual members of the proposed Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the defendants or adjudication with respect to individual members of the class which would as a practical matter be dispositive of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

    b.	Adjudications with respect to individual members of the Classes would as a practical matter be dispositive of the interests of other members and impede the interest.

    c.	The defendants have acted or refused to act on grounds generally applicable to all members of the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

        d.	The Classes are so numerous as to make joinder impracticable.   However, the Classes are not so numerous as to create manageability problems. There are no unusual legal or factual issues which would create

        manageability problems;

e. The claims of the individual class members are small in relation to the expenses of litigation, making a class action the only procedure in which class members can, as a practical matter, recover. However, the claims of individual class members are large enough to justify the expense and effort in maintaining a class action.

## VI. CAUSES OF ACTION

### Count I
### (BREACH OF EXPRESS WARRANTIES)

27. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

28. This claim is asserted on behalf of all Classes.

29. Defendant expressly warrant that Washing Machines are installed to be free of defects at the time of delivery, which warranties are express warranties within the meaning of section 2-313 of the Uniform Commercial Code.

30. Defendant breached their express warranties by offering for sale, and selling Washing Machines that, by design, are defective in that they cause mold buildup in the washer.

31. As a direct and proximate result of defendant's breach of express warranty, Plaintiffs and the proposed Classes have suffered actual damages.

32. Any limitation periods or limitations on recovery in defendant's express warranties are unconscionable within the meaning of § 2-302 of the Uniform Commercial Code, and therefore are unenforceable, in that, among other things.

33. Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against defendant for compensatory damages for themselves and each member of the

Classes in an amount to be proven at trial, plus attorneys' fees, interest and costs.

## COUNT II
### (BREACH OF IMPLIED WARRANTIES)

34.     Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

35.     This claim is asserted on behalf of the Classes.

36.     Defendant is a merchant pursuant to section 2-314 of the Uniform Commercial Code.

37.     Defendant impliedly warrant that the Washing Machines, which they designed, manufactured and sold to Plaintiffs and the Classes, are merchantable and fit for their ordinary use, are not otherwise injurious to consumers.

38.     As a direct and proximate result of defendant's breach of implied warranty, Plaintiffs and the proposed Classes have suffered actual damages.

39.     Any purported limitation on the duration, or exclusion of, these implied warranties in defendant's express written warranties are unconscionable within the meaning of section 2-302 of the Uniform Commercial Code, and therefore are unenforceable and buyers lacked a meaningful choice with respect to the terms of the express written warranties due to unequal bargaining power and a lack of warranty competition among Washing Machine manufacturers.

40.     Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against defendant for compensatory damages for themselves and each member of the

Classes in an amount to be proven at trial, plus attorneys' fees, interest and costs.

## COUNT III
### (STRICT LIABILITY)

41.     Plaintiffs hereby incorporate by reference all other paragraph of this Complaint as if fully set forth here and further alleges as follows.

42.     The defendant is engaged in the business of designing, manufacturing, producing, testing, inspecting, marketing and selling Washing Machines.

43.     The Washing Machines were expected to and did reach plaintiffs and members of the proposed Classes without substantial change in the condition in which they were sold.

44.     The Washing Machines were in a defective condition, when they left the defendants' possession or control in that under normal conditions, usage and applications.

45.     Plaintiffs and the members of the proposed Classes used the Washing Machines in a manner and for a purpose for which they were intended and which was foreseeable by the defendant.

46.     The Washing Machines are defective in that they are incapable of being made safe for their ordinary and intended uses.

47.     As a direct and proximate result of the defective condition of the defendant's Washing Machines, plaintiffs and members of the proposed Classes have suffered and/or will suffer damages, which include, without limitation, costs to inspect, repair, and/or replace their Washing Machines and damage to other property.

9

## COUNT IV
## (NEGLIGENCE)

48. Plaintiffs hereby incorporate by reference all other paragraph of this Complaint as if fully set forth here and further allege as follows.

49. The defendant knew or should have known that the Washing Machines, in their ordinary and foreseeable uses, were defective.

50. The defendant knew or should have known that the Washing Machines they designed, manufactured, treated, produced, tested, inspected, marketed and/or sold, in ordinary and foreseeable use, would fail to perform as intended.

51. Due to their superior knowledge of the defects in the Washing Machines, the defendant had and has a duty to disclose to the public the defective nature of the Washing Machines.

52. The defendant failed to exercise reasonable care with respect to the design, development, manufacture, production, testing, inspection, marketing and/or sale of the Washing Machines by, among other things, failing to design and/or manufacture the Washing Machines in a manner to ensure that under normal usage, conditions and applications, they would not suffer from mold buildup.

53. The defendant's negligence as set forth above directly and proximately caused the harm suffered and/or being suffered by plaintiffs and members of the Plaintiffs' Classes.

54. As a direct and proximate result of the defendant's negligence, plaintiffs and members of the proposed Classes have and/or will suffer damages, which include, without limitation, costs to inspect, repair, replace their Washing Machines and other damaged property

in an amount to be determined at trial.

## COUNT V
## Declaratory Judgment/Equitable and Injunctive Relief)

55.Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

56.This claim is asserted on behalf of the proposed Classes.

57.Plaintiffs and the members of each proposed class are without adequate remedy at law, rendering injunctive and other equitable relief appropriate.

58.Plaintiffs and the members of each class will suffer irreparable harm if the Court does not declare the Washing Machines to be defective, and if defendant is not ordered to recall, buy back, and/or retrofit the Washing Machines.

59.Plaintiffs on behalf of themselves and all others similarly situated, demand such declaratory relief, and further, that defendant be ordered to (1) recall, buy back, and/or retrofit the Washing Machines, (2) cease and desist from misrepresenting to the Classes and the general public that there is no defect in the Washing Machines, (3) institute, at their own cost, a public awareness campaign to alert the member of each class and general public of the defect in the Washing Machines, (4) complete, at their own cost, any and all necessary research and testing to make available an alternative design and/or retrofit, and (5) prospectively utilize available alternative designs in the manufacture of the Washing Machines to eliminate the defect.

## COUNT VI
### (Fraud, Deceit, And Intentional Misrepresentation)

60.	Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

61.	This claim is asserted on behalf of the proposed Classes.

62.	Defendant made the misrepresentations and omissions regarding the mold in the Washing Machines.

63.	Defendant made these misrepresentations and omissions knowingly, intentionally, or with a reckless disregard for the truth of the misrepresentations and for the affirmative statements rendered misleading by the omissions.

64.	As a direct and proximate cause of Defendant's acts, Plaintiffs and the members of each proposed class have suffered actual damages and members of the Classes.

65.	Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against defendants for compensatory damages for themselves and each member of the proposed Classes in an amount to be proven at trial, punitive damages for the Classes as a whole, appropriate injunctive, equitable and/or declaratory relief for the Classes as a whole, plus attorneys' fees, interest and costs.

## COUNT VII
### (Negligent Misrepresentation)

66.	Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

67.	This claim is asserted on behalf of the proposed Classes.

68.	Defendant made the misrepresentations and omissions described above.

69.	Defendant made these misrepresentations and omissions without a reasonable basis for believing the misrepresentations to be true, and without a reasonable basis for believing the omitted information need not have been disclosed.

70.	As a direct and proximate cause of defendants' negligence, Plaintiffs and each of member of the proposed Classes have suffered actual damages.

71.	Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against defendants for compensatory damages for themselves and each member of the proposed Classes in an amount to be proven at trial, plus attorneys' fees, interest and costs.

## COUNT VIII
### (Violation of Magnuson Moss Warranty Act)

72.	This claim is asserted on behalf of both proposed Classes.

73.	As set forth above, defendant expressly warrants the Washing Machines to be free of defects at the time of delivery, which warranties are express warranties within the meaning of section 2-313 of the Uniform Commercial Code.   Defendants breached its express warranties by offering for sale, and selling as safe, Washing Machines that it knew are, by design, latently defective.

74. As set forth above, defendant impliedly warrants the Washing Machines to be merchantable and fit for their ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings. Because of their undisclosed propensity to collect mold, the Washing Machines are unsafe, unmerchantable, and unfit for their ordinary use when sold, and result in damages to Plaintiffs and members of the proposed Classes. Defendants have therefore breached the implied warranty of merchantability.

75. Any limitation periods, limitations on recovery, or exclusion of implied warranties in defendant's express warranty are unconscionable within the meaning of section 2-302 of the Uniform Commercial Code, and therefore are unenforceable, in that, among other things, the Washing Machines contain a latent defect of which defendant was aware at the time of sale, and buyers lacked a meaningful choice with respect to the terms of the express written warranties due to unequal bargaining power and a lack of warranty competition among dominant vehicle manufacturers.

76. Defendant's knowledge of the dangerous nature of the Washing Machines during, and prior to, the Class period as a result of numerous consumer complaints and its own internal research and development has given defendant more than adequate opportunity to cure the problem, which opportunity it has not taken to date.

77. Independent of its breach of express and implied warranties, defendant has engaged in tortious intentional misconduct as alleged below, which conduct was oppressive, fraudulent, and malicious.

78. As a direct and proximate cause of defendants' breach of express and implied warranties, Plaintiff and members of Classes suffered damages.

## VII.    JURY DEMAND

79.         The Plaintiff hereby demands a trial by jury.


## VIII.   PRAYER FOR RELIEF

WHEREFORE, plaintiffs John Isabella and Trish Isabella, on behalf of themselves and all others similarly situated, prays the Court to enter judgment against the defendant and in favor of plaintiffs, on behalf of themselves and the members of the proposed Classes, and to award the following relief:

    a.    Certifying this action as a class action pursuant to Rule 23, *et. seq.*;

    b.    Declaring any limitations of remedies and the exclusion of the implied warranties of merchantability and fitness for a particular purpose to be unlawful and unconscionable and unenforceable;

    c.    Declaring that the Bosch has breached the express and implied warranties given with the purchase of the Washing Machines;

    d.    Awarding each class member compensatory damages for the acts complained of herein;

    e.    Awarding the class costs and attorneys' fees against the defendants, as

        (1)    allowed by law, and/or awarding counsel for the class attorneys' fees; and

        (2)    granting such other or further relief as may be appropriate under the circumstances.

Respectfully Submitted By:

/s Elmer Robert Keach, III

Dated: September 9, 2010                 _____

Elmer Robert Keach, III, Esquire
USDC, NDNY Bar Roll Number 601537
**LAW OFFICES OF ELMER ROBERT KEACH, III, PC**
1040 Riverfront Center
Post Office Box 70
Amsterdam, NY 12010
Telephone:    518-434-1718
Telecopier:    518-770-1558
Electronic Mail:
bobkeach@keachlawfirm.com

Daniel C. Levin, Esquire
Motion for Permanent Admission to be Filed
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone:    215-592-1500
Telecopier:    215-592-4663
Electronic Mail:
dlevin@lfsblaw.com

**ATTORNEYS FOR PLAINTIFFS
AND THE PROPOSED CLASS**

EXHIBIT A

EXHIBIT A

```
SHOWCASE FURNITURE
307 North Comrie Avenue            I N V O I C E
JOHNSTOWN NY  12095


Phone #: 518-762-7829 sales



    Bill To:                        Ship To:         518-866-1570
    JOHN & TRISH ISABELLA           JOHN & TRISH ISABELLA
    409 SOUTH WILLIAM STREET        409 SOUTH WILLIAM STREET
    JOHNSTOWN NY  12095             JOHNSTOWN NY  12095



Invoice/Dt Order#/Dt  Customer#  Customer P.O.    Terms         SalesPerson
   605490    301201    952284   WASHER/DRYER                   CHEVY STOP 06
  09/19/07  09/13/07           CALL AHEA DELV 091307TS                   040
-----------------------------------------------------------------------------
  QUANTITY     U/M ITEM/DESCRIPTION          DISC UNIT PRICE      AMOUNT

                      (Page  2)
                  TERMS: WITH OUT
                   MONTHLY PYMNTS, CODE: 179
                  VENDOR: BOSCH


      1       EA  05656 DRY 3W 6P LOC 100         16.00           16.00
                  CSC-CORD-DRYER-3 WIRE-6'
                  30 AMP


      1       EA  *REBATES-APPLIA LOC 001          0.00             .00
                  REBATES APPLIANCES
                  091307TS-GAVE CSR $50.00
                  REBATE


                  091307TS-THANK YOU...TONY
                  762-7829
                  9/19-DEL. BY GB/SM
                  9/19-FIN BY DP
                  REMOVALS SPLIT FROM EACH, AND
                  CORD SPLIT FROM DRYER


                  Subtotal                                     1,929.97
                  Sales Tax                                      154.40
                  Total                                        2,084.37
                  GECAF W/PAY XXXXXXXXXXXXXXXX1577             2,084.37
                  Date 12/07 Auth 013720
                  Deposits Applied                             2,084.37-
                  Total Due                                         .00
```

All returns will be charged a 20% restocking fee.
For delivery information please call 736-3535.

```
SHOWCASE FURNITURE
307 North Comrie Avenue        I N V O I C E
JOHNSTOWN NY  12095


Phone #: 518-762-7829 sales


    Bill To:                      Ship To:        518-866-1570
    JOHN & TRISH ISABELLA         JOHN & TRISH ISABELLA
    409 SOUTH WILLIAM STREET      409 SOUTH WILLIAM STREET
    JOHNSTOWN NY  12095           JOHNSTOWN NY  12095



Invoice#/Dt Order#/Dt  Customer#  Customer P.O.    Terms         SalesPerson
   605490    301201     952284   WASHER/DRYER                    CHEVY STOP 06
   09/19/07  09/13/07   CALL AHEA DELV 091307TS                             040
---------------------------------------------------------------------------
 QUANTITY       U/M ITEM/DESCRIPTION              DISC UNIT PRICE      AMOUNT


     1         EA  BO-WFMC3301UC    LOC 300             854.99         854.99
                   WASHER-FL-3.81CFT-WW
                   15 PROGRAMS-SENOTRONIC PLUS
                   BOSCH-XTRA SANITARY CYCLE
                   Serial Numbers:
                   857080084485026843


     1         EA  BO-WTMC3321US    LOC 300             738.99         738.99
                   EDRYER-6.7CFT-WWW
                   11 DRY CYCLES-
                   BOSCH-
                   Serial Numbers:
                   857080084476001828
                   9/19-DP-CSE WROTE SAME NUMBER,
                   EXCEPT ENDING WITH (6)


     1         Hrs ZI-DELIVER                            49.990         49.99
                   DELIVER CHARGE    CSE


     2         Hrs ZI-REMOVAP                            15.000         30.00
                   NORMAL REMOVAL OF STANDARD CSR
                   APPLIANCE. ADDITIONAL CHARGES
                   EXTRA LABOR WILL BE EXPLAINED


     1         EA  PG-WDWDH048D -5 LOC 001              240.00         240.00
                   WASHER/DRYER 5 YR PERFORMANCE
                   GUARANTEE


     1         EA  *SPECIALNECOW/P LOC 100                0.00            .00
                     (Continued on Page  2)
```